UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ROSSANA CASARETO,**

  **Plaintiff,**

  v.      CASE NO.:

**ASSISTING HANDS HOME HEALTH, INC.**, a Florida Profit Corporation
  **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ROSSANA CASARETO (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against ASSISTING HANDS HOME HEALTH, INC. (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

This is a claim by Plaintiff, against her former employer for damages and all available relief under the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981 and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from pregnancy discrimination, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits,

compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

1. Plaintiff was employed by Defendant from approximately September 15, 2020, through March 1, 2021, as a Bookkeeper.

2. Plaintiff performed work for the Defendant at its Fort Myers, Florida location.

3. Defendant ASSISTING HANDS HOME HEALTH, INC. is a Florida for profit corporation, which owns, controls, and operates business which provide home healthcare services in the state of Florida, including the location where Plaintiff was employed.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

5. The acts and omissions giving rise to this action occurred in Fort Myers, Florida.

6. Defendant conducts business in Fort Myers, Florida.

7. Plaintiff was employed with Defendant in Fort Myers, Florida.

8. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

9. This is an action at law raising a federal question under federal law.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## STATUTORY PREREQUISITES

12. Plaintiff was a member of a class of individuals protected by Title VII and the PDA and the FCRA, given that, at all times material to the allegations herein, Plaintiff experienced discrimination based on her pregnancy.

13. Plaintiff was qualified for her position as a Bookkeeper.

14. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA and the FCRA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, and the FCRA.

16. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein,

attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

17. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the FCRA.

## FACTS

18. Plaintiff was hired on September 15, 2020, as a Bookkeeper and remained in that position until the end of her employment on or about March 1, 2021.

19. Plaintiff had been an employee in good standing with no discipline on her record.

20. On December 23, 2020, Plaintiff found out she was pregnant.

21. Accordingly, Plaintiff became a member of a class of individuals protected by Title VII, the PDA, and the FCRA, based on her status as a pregnant woman.

22. On December 24, 2020, Plaintiff informed Robert Thomas, Defendant's owner, that she was pregnant.

23. Initially, Plaintiff worked around her work schedule as best she could to make mandatory doctor appointments.

24. Specifically, Plaintiff scheduled her prenatal visits early in the morning so she would be able to make up the time later during that day.

25. On or about January 2021, Plaintiff received a job offer at a different company.

26. That position paid more money ($24.00 per hour) than her then current position.

27. The Plaintiff informed Thomas about the job offer and increase in pay.

28. In response, on January 24, 2021, Thomas offered to raise Plaintiff's hourly rate to $20.00 for her to remain employed with the Company.

29. Although the pay increase offered by Thomas was less than what Plaintiff would have received with the new employer, she decided to reject the new job offer and remain employed with the Defendant.

30. However, in February of 2021, Plaintiff's doctors informed her that because of her age and because she had suffered from preeclampsia and gestational diabetes during her previous pregnancies, her pregnancy was considered high risk.

31. Because her pregnancy was now considered high risk, Plaintiff would have more frequent doctor visits and possibly miss additional time from work.

32. Plaintiff immediately informed Thomas about this new development regarding her pregnancy.

33. Just days later, on March 1, 2021, Thomas informed Plaintiff that he was terminating her employment because "her pregnancy was high risk and she would have to miss too much work."

34. Plaintiff was treated less favorably than similarly situated employees in that non-pregnant employees were not terminated for the alleged performance issues for which Plaintiff was terminated.

35. Given Plaintiff did not receive performance or disciplinary reprimands until she advised Defendant of her pregnancy, Defendant's alleged reasons for Plaintiff's terminations are pretextual.

## COUNT I
## PREGNANCY DISCRIMINATION UNDER
## PREGNANCY DISCRIMINATION ACT & TITLE VII

36. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 35 as though fully stated herein.

37. Defendant discriminated against Plaintiff based on her pregnancy.

38. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

39. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

40. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

41. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

    b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

    c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

    d. compensatory damages;

    e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

    f. judgment interest, and, if applicable, post-judgment interest;

    g.    reasonable attorneys' fees and litigation expenses against Defendant; and

    h.    any additional relief that this Court deems just.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII (For Pregnancy/Gender Discrimination Complaint)

42. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 35 as though fully stated herein.

43. Plaintiff engaged in statutorily protected activity when Defendant discriminated against her because of her pregnancy.

44. Plaintiff suffered an adverse employment action when she was terminated.

45. A causal connection exists between the protected activity and the adverse action.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of race discrimination.

47. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

48. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

51. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

    a. declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

    b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

    c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

    d. compensatory damages;

    e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

    f.    judgment interest, and, if applicable, post-judgment interest;

    g.    reasonable attorneys' fees and litigation expenses against Defendant; and

    h.    any additional relief that this Court deems just.

## COUNT III
## PREGNANCY DISCRIMINATION IN VIOLATION OF FCRA

52. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 35 as though fully stated herein.

53. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

54. Defendant discriminated against Plaintiff based on her pregnancy.

55. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

56. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

57. At all material times, Plaintiff was qualified to perform her job duties.

58. Defendant discriminated against Plaintiff because of her pregnancy.

59. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

60. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

    b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

    c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

    d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

61. Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 35 as though fully stated herein.

62. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

63. At all material times, Plaintiff was qualified to perform her job duties.

64. Defendant retaliated against Plaintiff because of her pregnancy.

65. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

66. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a)    declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

    b)    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

    c)    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

    d)    compensatory damages;

    e)    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

    f)    judgment interest, and, if applicable, post-judgment interest;

    g)    reasonable attorneys' fees and litigation expenses against Defendant; and

    h) any additional relief that this Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 20th day of December, 2021.

        Respectfully submitted,

        ***s/Bruce A. Mount***
        Anthony Hall, Esq.
        FL Bar No.: 40924
        Bruce A. Mount, Esq. – LEAD COUNSEL
        FL Bar No.: 88754
        THE LEACH FIRM, P.A.
        631 S. Orlando Avenue, Suite 300
        Winter Park, Florida 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 523-5864
        Email: ahall@theleachfirm.com
        Email: bmount@theleachfirm.com
        Email: yhernandez@theleachfirm.com

        ***Attorneys for Plaintiff***